Signed and Filed: September 8, 2014



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                                ) Bankruptcy Case
                                     ) No. 14-30973DM
KABITA CHOUDHURI,                    )
                                     )
                    Debtor.          ) Chapter 13
_____)
```

MEMORANDUM DECISION ON MOTION FOR RECONSIDERATION

I.  INTRODUCTION

Kabita Choudhuri, the above-named Debtor, filed a voluntary chapter 13 petition on April 14, 2013 (Case No. 13-30873) (the "First Case").  The Trustee filed a motion to dismiss the First Case on March 17, 2014 and on May 22, 2014, the court entered its Order Of Dismissal (Docket No. 125).

On May 28, 2014, Debtor filed a Motion To Vacate the dismissal; that motion was opposed by the Trustee and was denied by Order Denying Motion on June 19, 2014 (Docket No. 133).  The First Case has not been closed.

On June 27, 2014, Debtor filed the present chapter 13 case (the "Second Case").  Debtor did not move to extend the automatic stay after notice and a hearing completed before the expiration of the thirty day period after the filing of the Second Case as required by Bankruptcy Code § 362(c)(3)(B).

On August 5, 2014, Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank") filed a motion for an order confirming that no stay was in effect. Debtor opposed that motion and moved to preserve the automatic stay. A hearing was held on August 21, 2014, and the court orally granted Deutsche Bank's motion, denied Debtor's motion, and directed counsel for Deutsche Bank to serve and upload an order consistent with the court's ruling.

Before counsel for Deutsche Bank submitted the requested order, Debtor filed on August 25, 2014, a Motion For Reconsideration Of Judgment, supported by a Memorandum of Points and Authorities and a Declaration (Docket Nos. 29-31). Those three documents bore the number of the First Case but properly belonged in the Second Case. Debtor set her Motion For Reconsideration on the September 17, calendar. On August 26, the court issued a docket text order dropping the Motion For Reconsideration from the calendar and directing Deutsche Bank either to file a statement of no opposition, or its opposition, by the September 3, 2014 deadline. Surprisingly and inexplicably, Deutsche Bank has filed nothing.

II. DISCUSSION

While the court in some circumstances will treat an unopposed motion as a consent to the relief sought, in this case Debtor seeks an order which is flatly contrary to law. Accordingly, and notwithstanding Deutsche Bank's silence, the Motion For Reconsideration must be DENIED.

The theory Debtor sets forth in her motion to justify her contention that there is an automatic stay in the Second Case, in fact appears to be her view that the automatic stay continues in

-2-

the First Case.  To make that point, Debtor argues that the court failed to note that the First Case is still active, the automatic stay therefore is still in effect, and that the court's order to the contrary in the Second Case is wrong and should be vacated.

As noted, no stay exists in the Second Case because Debtor, as a second time filer within one year, did not move to extend the stay as permitted in Bankruptcy Code § 362(c)(3)(B).  See B.L.R. 4001-2.

Nor does the automatic stay continue in the First Case. Bankruptcy Code §§ 362(c)(1 & 2) provide:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section--
>
> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
>
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of–
>
> (A) the time the case is closed;
>
> (B) the time the case is dismissed; or
>
> (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;

11 U.S.C.A. § 362 (West)

Beginning with subparagraph (c)(2), the automatic stay terminated when the First Case was dismissed, which is the earliest of dismissal, closure, or discharge.  Debtor did not receive a discharge.

Turning to subparagraph (c)(1), the automatic stay of actions against property of the estate continues until such property is no longer property of the estate.

-3-

Debtor's property ceased being property of the estate when the First Case was dismissed. This is because Bankruptcy Code § 349(b) provides:

> (b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title--
>
> * * *
>
> (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

11 U.S.C.A. § 349 (West)

Debtor's statement that the First Case is still "active," which the court takes to mean "open," is of no help. Dismissal was the operative event to take property out of the estate and terminate the automatic stay.

For the foregoing reasons the court's ruling in the Second Case that the automatic stay was not in effect was correct both as to the First Case and the Second Case. Thus, the Debtor's premature Motion For Reconsideration cannot be granted.

Concurrent with the issuance of this Memorandum Decision On Motion For Reconsideration, the court is entering Deutsche Bank's proposed Order Granting Hearing (sic) on Deutsche's Motion For An Order Confirming No Stay Is In Effect and Debtor's Motion To Preserve The Automatic Stay Is Denied (sic), modified only to reflect that the Motion For Reconsideration is denied for the reasons set forth in this Memorandum Decision.

The clerk is directed to file this Memorandum Decision On Motion For Reconsideration in the First Case as well as this case.

**END OF MEMORANDUM DECISION**

```
 1                        COURT SERVICE LIST
 2  Kabita Choudhuri
    331 Richardson Way
 3  Mill Valley, CA 94941
 4
 5
 ...
28
```

Case: 14-30973    Doc# 41    Filed: 09/08/14    Entered: 09/08/14 15:03:55    Page 5 of 5